**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-26-3088** |
| **.010 ACRES MORE OR LESS OF LAND, et al.,** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Plaintiff National Railroad Passenger Corporation, also known as Amtrak, filed a Complaint for Condemnation and Request for Possession. (Compl., ECF No. 1.) Currently pending before the Court is Amtrak's Motion to Deposit Estimate of Just Compensation. (ECF No. 8.) The Court will grant the Motion and direct Amtrak to file a status report.

## *I. Background*

Amtrak, "pursuant to authority provided by 49 U.S.C. § 24311 and in compliance with Federal Rule of Civil Procedure 71.1, file[d] [a] Complaint for Condemnation" seeking to acquire the following interests:

> (1) all interests in fee simple of a portion of real property (the "First Subject Property Interest"); (2) a temporary construction easement (the "Second Subject Property Interest"); and, (3) a permanent subsurface tieback easement (the "Third Subject Property Interest"), all located at 2200 Edmondson Avenue in Baltimore City, Maryland 21217 (hereinafter, collectively, the "Subject Property Interests"). The Subject Property Interests are being acquired subject to any existing utility/sewer easements.

(*Id.* at 3.)

Amtrak explains that it "must acquire the Subject Property Interests for the Baltimore and Potomac [] Tunnel Replacement Program." (*Id.* ¶ 2.)

In its Complaint, Amtrak describes the Subject Property Interests and the Defendants that may have an interest in them. (*Id.* ¶¶ 6, 8–12.) Amtrak details its unsuccessful efforts to obtain the Subject Property Interest by contract with the owners. (*Id.* ¶¶ 25–27.) Amtrak explains that it "obtained from a certified independent real estate appraiser a valuation of the estimated just compensation for each of the Subject Property Interests. The certified independent real estate appraiser ascertained that the fair market value of the Subject Property Interests, rounded up to the nearest thousand dollars, as of June 12, 2025, was Five Hundred Sixty-Nine Thousand Dollars and Zero Cents ($569,000.00)." (*Id.* ¶ 24.)

Amtrak explains that it "needs the Subject Property Interests so that improvements can be made without delay." (*Id.* ¶ 21.) It seeks "seeks immediate possession of the Subject Property Interests to comply with strict construction schedules" and it "requests that the Court determine the time and terms under which possession of the Subject Property Interests will be given to Amtrak." (*Id.* ¶¶ 31–32.)

In addition to the Complaint, Amtrak filed a Notice of Condemnation (ECF No. 6); Declarations of Taking (ECF Nos. 3–5); and the pending Motion to Deposit Estimate of Just Compensation (ECF No. 8).

***II. 49 U.S.C. § 24311***

Pursuant to 49 U.S.C. § 24311(a), "Amtrak may acquire by eminent domain . . . interests in property" that are "necessary for intercity rail passenger transportation[.]" It "may exercise the power of eminent domain only if it cannot (A) acquire the interest in the property by contract; or (B) agree with the owner on the purchase price for the interest." *Id.* The Fourth Circuit has

explained that there are two methods of exercising the power of eminent domain: "straight condemnation" (where just compensation and final judgment are determined prior to the condemnor's possession) and "quick take" (where the condemnor may take possession at the beginning of the case). *E. Tenn. Nat. Gas Co. v. Sage*, 361 F.3d 808, 821 (4th Cir. 2004). 49 U.S.C. § 24311 is a quick take statute.

Title to a property vests in Amtrak by operation of law once two steps are accomplished: (1) Amtrak files a declaration as required by § 24311(b)(1) and (2) Amtrak makes a deposit of an amount of money estimated to be just compensation. *See* 49 U.S.C. § 24311(b)(1) ("An interest is condemned and taken by Amtrak for its use when a declaration of taking is filed under this subsection and an amount of money estimated in the declaration to be just compensation for the interest is deposited in the court."); 49 U.S.C. § 24311(b)(2) ("When the declaration is filed and the deposit is made under paragraph (1) of this subsection, title to the property vests in Amtrak in fee simple absolute or in the lesser interest shown in the declaration, and the right to the money vests in the person entitled to the money."). Next, "the court may decide (A) the time by which, and the terms under which, possession of the property is given to Amtrak; and (B) the disposition of outstanding charges related to the property." 49 U.S.C § 24311(b)(2). "After a hearing, the court shall make a finding on the amount that is just compensation for the interest in the property and enter judgment awarding that amount and interest on it." 49 U.S.C § 24311(b)(3).

### *III. Analysis*

In its Motion to Deposit Estimate of Just Compensation, Amtrak seeks to deposit $569,000.00, which is the amount Amtrak has estimated is the just compensation for the Subject Property Interests. (*See generally* ECF No. 8.) This is the proper procedure. *See* Fed. R. Civ. P. 71.1(j)(1) (providing that, in a condemnation action, "[t]he plaintiff must deposit with the court

any money required by law as a condition to the exercise of eminent domain and may make a deposit when allowed by statute"); 49 U.S.C. § 24311(b)(1) (providing that "an interest is condemned and taken by Amtrak for its use when a declaration of taking is filed . . . and an amount of money estimated in the declaration to be just compensation for the interest is deposited in the court"). Accordingly, Amtrak's Motion will be granted.

Because Amtrak has filed the declarations required by 49 U.S.C. § 24311(b)(1), once it makes a deposit of the amount of money it has estimated to be just compensation, title to the property will vest in Amtrak. 49 U.S.C. § 24311(b)(2). However, at this time, the Court does not yet grant Amtrak possession of the Subject Property Interests, nor does it set the just compensation.

The Court plans to follow the course it has taken in related condemnation cases and expects to entertain any motions for possession of the property only after service has been accomplished pursuant to Federal Rule of Civil Procedure 71.1(d)(3). The Fourth Circuit has advised that "the government takes possession of the condemned property as a matter of course, unless the landowner or occupant demonstrates some undue hardship that warrants a delay." *E. Tenn. Nat. Gas Co.*, 361 F.3d at 825. While the Court expects to grant possession of the property to Amtrak after it has effected service upon the Defendants, the Court is unable to assess hardship to the Defendants if they have not first been served and provided an opportunity to answer.

## *IV. Conclusion*

For the foregoing reasons, it is ORDERED that:

1. Amtrak's Motion to Deposit Estimate of Just Compensation (ECF No. 8) is GRANTED.
2. The Clerk SHALL ACCEPT the deposit tendered by Amtrak in the amount of $569,000.00.

3. The Clerk SHALL DEPOSIT these funds into an interest-bearing account under the terms and conditions set forth in Federal Rule of Civil Procedure 67 and this Court's Standing Order of January 25, 2017.

4. Amtrak is DIRECTED to effect service upon all Defendants in accordance with Federal Rule of Civil Procedure 71.1.

5. Amtrak SHALL FILE a status report when service is effected upon all Defendants. To the extent service is not effected by November 4, 2026, Amtrak SHALL FILE a status report by that date detailing the status of service to the Defendants.

DATED this 19 day of August, 2026.

BY THE COURT:

James K. Bredar

James K. Bredar
United States District Judge